BOSTON COACH–WASHINGTON
CORP., et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA TAXICAB
COMMISSION, Defendant.

Civil Action No. 94–2686 (JR).

United States District Court,
District of Columbia.

Feb. 2, 1996.

Jeremy Kahn, Kahn & Kahn, Washington, D.C., for Plaintiffs.

Melvin W. Bolden, Jr., Office of the Corporation Counsel, Washington, D.C., for Defendant.

## MEMORANDUM

ROBERTSON, District Judge.

Plaintiffs, two limousine and sedan livery services operating in the Washington metropolitan area, brought this action to enjoin the enforcement of the District of Columbia's limousine licensing regulations. Before the Court are defendant's motion to dismiss and plaintiff's motion for summary judgment.

### Facts

The District of Columbia Taxicab Commission, an executive agency of the District of Columbia, was created by the Taxicab Commission Establishment Act of 1985, D.C.Code § 40–1704, to regulate taxicabs and passenger vehicles for hire operating within the District of Columbia. The Act authorizes the Mayor, or his designee, to issue rules and licensing requirements for limousine service operators, vehicles and drivers, provided, however, "that no license requirement for operating authority shall be mandated by the Mayor which is duplicative of the jurisdiction of the Washington Metropolitan Transit Commission." D.C.Code § 40–1713(b).

In May 1994, acting under this regulatory authority, the Taxicab Commission revised its licensing scheme for limousine operators and vehicles. 31 DCMR § 1200 *et seq.* The new regulations provide, *inter alia,* that an

operator wishing to provide intra-District limousine service must pay a $250 fee and comply with certain reporting requirements.[1] Each vehicle and driver providing intra-District service must be licensed pursuant to D.C.Code § 47–2829(h) and § 47–2829(i).

Limousine operators who wish only to pick-up passengers in the District for transportation out of town may, in the alternative, apply for an inter-jurisdictional limousine permit. 31 DCMR § 1216.1 *et seq.* Vehicles and drivers providing only inter-jurisdictional service need not be licensed by the District, if they are properly licensed in another jurisdiction.

The instant action was precipitated by the Taxicab Commission's imposition of civil fines on plaintiffs for operating their limousines in the District without the required licenses.

### Defendant's Motion to Dismiss

■ Defendant's jurisdictional argument, that this dispute does not lie within the "arising under" jurisdiction established by 28 U.S.C. § 1331, must be rejected. This action seeks injunctive relief on the ground that the licensing requirements are preempted by federal law, namely the Washington Metropolitan Area Regulation Compact. P.L. 101–505, 104 Stat. 1300 (1990). The resolution of conflicts between state and federal law has long been the province of the federal courts. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 2899 n. 14, 77 L.Ed.2d 490 (1983).

■ I decline defendant's invitation that I abstain from exercising jurisdiction based on *Younger* principles. Neither the Supreme Court nor the D.C. Circuit has decided whether the District of Columbia is a state for *Younger* abstention purposes. *See LaShawn v. Kelly,* 990 F.2d 1319 (D.C.Cir. 1993). Moreover, it is not clear on this record that Boston Coach's pending administrative proceeding is an adequate or appropriate forum for pursuing plaintiffs' federal preemption claim. In any event, even if abstention were appropriate in the case of Boston

Coach, it would not resolve the case of International Limousine, with respect to whom no pending proceedings are underway.

### Plaintiff's Motion for Summary Judgment

■ Plaintiff's argument is that defendant's licensing regulations impermissibly intrude upon WMATC's jurisdiction.

In 1960, Virginia, Maryland and the District of Columbia, with Congressional approval, entered into the Washington Metropolitan Area Transit Regulation Compact (hereinafter "Compact") to govern the transportation of passengers within the Metropolitan District, an area which includes the District of Columbia and nearby parts of Virginia and Maryland. The Compact was most recently amended by Congress in 1990. P.L. 101–505, 104 Stat. 1300 (1990). WMATC was created by the Compact and is charged with enforcing its provisions. The provisions of the Compact, and of WMATC regulations promulgated pursuant to it, are federal law. *See Cuyler v. Adams,* 449 U.S. 433, 440, 101 S.Ct. 703, 707–08, 66 L.Ed.2d 641 (1981); *Morris v. WMATA,* 781 F.2d 218, 220 (D.C.Cir.1986).

Under the Compact, WMATC requires carriers to obtain certificates of authority from WMATC, Art. XI, § 6(a), and to file schedules of rates and tariffs for WMATC approval, Art. XI, § 14. Through these mechanisms, WMATC regulates market entry and pricing. WMATC refers to these powers as its "full regulatory jurisdiction under the Compact." *See* WMATC Order No. 2559 (1984).[2]

The market for "bona fide taxicab service," however, is excepted from the full scope of WMATC's regulatory authority. WMATC's jurisdiction over taxicab service is limited to the regulation of interstate rates and minimum insurance requirements. Art XI, § 1(b). Pursuant to its rulemaking authority, WMATC has defined "bona fide taxicab service" and distinguished it from other passenger for hire services, which are subject to

---

1. Contrary to plaintiffs' assertions, the new regulations do not require an operator to establish a limousine base within the District. *See* 31 DCMR § 1203.1.

2. The Compact also imposes certain reporting and insurance requirements that are enforced by WMATC. Art. XII, § 1–2.

its full regulatory jurisdiction. *See* WMATC Order No. 2559 (1984).

Plaintiffs argue vigorously that because their limousine services do not meet WMATC's definition of "bona fide limousine service" they fall within the full regulatory jurisdiction of WMATC and thus that the District may not impose its limousine franchise, vehicle and operator licensing requirements on them. Fine distinctions between taxicab service and fully-regulated non-taxicab service are beside the point, however. Either way, Article VI of the Compact states that "[t]his Compact does not amend, alter, or affect the power of the signatories and their political subdivisions ... to levy, assess, and collect franchise or other similar taxes or fees for the licensing of vehicles or their operation."

Moreover, nowhere in the Compact is WMATC expressly authorized, nor does it appear of record that WMATC has ever attempted, to license vehicles or vehicle drivers, whether the vehicles and drivers provide services subject to the agency's full regulation or only provide taxicab service. As the agency's orders imply, the licensing of vehicles and drivers is the responsibility of the signatories to the Compact. *See* WMATC Order No. 2559 (1984), Order No. 4225 (1993).

The Taxicab Commission's regulations neither impose a rate structure nor regulate market entry. They do nothing more than establish licensing fees and impose additional non-discretionary licensing requirements on limousine operators, such as corporate reporting, vehicle inspection and the like. While plaintiffs may find these requirements expensive or burdensome, none of them are expressly or impliedly preempted by the Compact or WMATC regulations.[3]

It follows, necessarily I think, that the licensing requirements do not infringe on the jurisdiction of WMATC in violation of D.C.Code § 40–1713(b). WMATC's jurisdiction is defined functionally as well as geographically. It is not WMATC's function to license limousine vehicles or operators. Mindful of the terms of the Compact, WMATC leaves this work to the signatories, including the District of Columbia.

**Conclusion**

Having determined that I do have jurisdiction and having declined to abstain, I conclude that plaintiff is not entitled to summary judgment. There appear to be no disputed issues of material fact.[4] Defendant is invited to move for summary judgment. Plaintiffs may mount whatever opposition they deem proper.

An appropriate order accompanies this memorandum.

### *ORDER*

It is this 1st of February, 1996 hereby **ORDERED** that:

1. Defendant's motion to dismiss [#11] is **denied.**

2. Plaintiffs' motion for summary judgment [#6] is **denied.**

---

3. Plaintiffs have not argued that the Taxicab Commission's licensing requirements, by distinguishing between inter-jurisdictional and intra-jurisdictional permits, impose an impermissible burden on interstate commerce.

4. Defendant's statement of disputed material facts appears to set forth disputed legal issues, not disputed facts.